**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MATT BARTELL; JODI BARTELL,** | **No. 13-56027** |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-01131-DMS-WMC |
| v. | |
| **JPMORGAN CHASE BANK, NA,** | **MEMORANDUM**[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 4, 2015[**]
Pasadena, California

Before:    **KOZINSKI** and **CALLAHAN**, Circuit Judges, and **SINGLETON**,[***]
Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Although Plaintiffs allege that the foreclosure of their home is illegal because JPMorgan Chase Bank has no right to collect the Bashkingys' mortgage payments, the Second Amended Complaint (SAC) fails to plead any facts to support this theory. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Without any facts supporting Plaintiffs' theory, the SAC fails to go beyond "labels and conclusions" and provide "[f]actual allegations . . . to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The SAC is Plaintiffs' third filing that raises claims challenging the validity of the foreclosure and their third failed attempt to provide any factual basis for these claims. Because Plaintiffs repeatedly failed to cure these deficiencies, the district court didn't abuse its discretion by dismissing with prejudice. See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532–33 (9th Cir. 2008). Similarly, the district court didn't err in denying discovery, because Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678–79.

We remind Plaintiffs' counsel that judges don't "hunt[] for truffles buried in briefs." See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per

curiam).  In the three paragraphs of the "Argument" section in his brief, counsel doesn't even address how the district court abused its discretion, nor why the district court erred in finding that the complaint didn't contain any facts to support Plaintiffs' theory.  Nor did he discuss what would have been raised in a Third Amended Complaint to cure these deficiencies.  Conclusory statements, tautologies and a couple of citations don't an argument make.

**AFFIRMED.**